Julie R. Trotter, Bar No. 209675
jtrotter@calljensen.com
Mireya A.R. Llaurado, Bar No. 194882
mllaurado@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:   (949) 717-3000

Attorneys for Defendants Western Refining Retail, LLC,
7-Eleven, Inc., and Speedway, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESHARA ELMASRY,<br><br>  Plaintiff,<br><br>vs.<br><br>WESTERN REFINING RETAIL, LLC, a Delaware Limited Liability Company; 7-ELEVEN, INC., a Texas Corporation; SPEEDWAY, LLC, a Delaware Limited Liability Company; and DOES 1 to 20, inclusive,<br><br>  Defendants. | Case No.  8-22-cv-1031<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br><br>Complaint Filed:   XXX<br>Trial Date:           None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, Defendants Western Refining Retail, LLC ("Western"), 7-Eleven, Inc. ("7-Eleven"), and Speedway, LLC ("Speedway") (collectively referred to as "Defendants") remove to the United States District Court for the Central District of California, the state court action described below. In accordance with 28 U.S.C. § 1446(a), Defendants submit the following short, plain statement of the grounds for removal.

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2. This action was filed in Orange County Superior Court. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), and 141(a) and 1446(a).

## III.   PLEADINGS, PROCESS AND ORDERS

3. On April 19, 2022, Plaintiff Beshara Elmasry ("Plaintiff") filed a Complaint in Orange County Superior Court naming each of the defendants as a defendant and alleging thirteen causes of action: for disability discrimination,

1  retaliation, and other claims under the California Fair Employment and Housing Act ("FEHA"); tort claims of wrongful termination in violation of public policy, negligent as well as intentional infliction of emotional distress, and negligent supervision; a claim under the California Business & Professions Code; and wage claims under the California Labor Code including failure to pay all wages due, meal and rest break violations, as well as wage statement violations under the California Labor Code. The Complaint is titled *Beshara Elmasry v. Western Refining Retail, LLC, et al.*, and designated Orange County Superior Court Case No. 30-2022-01255357-CU-WT-WJC. A true and correct copy of the Summons and Complaint has been attached to the Declaration of Mireya A.R. Llaurado submitted herewith ("Llaurado Decl.") as **Exhibit 1** ("Complaint").

4.  On April 20, 2022, Plaintiff served on Defendants 7-Eleven, Inc. and Speedway, LLC, through Defendants' agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; and (3) Notice of Hearing. On April 21, 2022, Plaintiff served Defendant Western Refining Retail, LLC, through Defendant's agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; and (3) Notice of Hearing. True and correct copies of these documents are attached to the Llaurado Decl. as **Exhibits 1 and 2**.

5.  On May 19, 2022, Defendants filed their Answer to the Complaint in State Court and served a copy of the Answer on Plaintiff. A true and correct copy of the Answer is attached to the Llaurado Decl. as **Exhibit 3**.

6.  As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. Llaurado Decl., ¶ 5.

7.  The documents attached to the Llaurado Declaration as Exhibits 1 - 3 constitute all of the pleadings and process that have been filed or received by Defendants in this action. The attachments satisfy the requirements of 28 U.S.C. section 1446(a). To Defendants' knowledge, no further process, pleadings, or orders related to



this case have been filed in the Orange County Superior Court or served by any party other than as described above. *See* Llaurado Decl., ¶ 6.

## IV. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely as it is filed within thirty (30) days of April 20, 2022, the date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b). No court proceedings have taken place.

## V. DIVERSITY JURISDICTION

9. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States. . .

10. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity of Citizenship

11. To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual is a citizen of any state where he or she is domiciled at the time the lawsuit is filed. *Id.* Residency, though not the equivalent of domicile, can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th

Cir. 1986); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is *prima facie* evidence of domicile for purposes of determining citizenship).

12. Plaintiff's Complaint (at paragraph 1) alleges he "is, and was, at all relevant times mentioned in this Complaint residing within the County of Orange, State of California." *See* Llaurado Decl., Ex. 1. As to his employment, Plaintiff acknowledges that he began working at "a Convenience Store . . . which is located at the county of Orange, the State of California" in December 2018. *See* Llaurado Decl., Ex. 1 (Complaint ¶¶ 16-17). The Complaint further acknowledges that Plaintiff was working in "Irvine, California" in the days leading up to his termination on November 23, 2021. *See* Llaurado Decl., Ex. 1 (Complaint ¶¶ 30, 41). Pay documentation pertaining to Plaintiff confirms an address for Plaintiff, as of December 31, 2020, in California (city of Anaheim). Declaration of Susan Hager ¶ 9, Ex. 1 (May 19, 2022) ("Hager Decl."). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes. *See Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir.2009) ("The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes," citing *Lew*, 797 F.2d at 750)).

13. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At the time this action was commenced in state court:

- Defendant Western was and still is a limited liability company formed under the laws of the State of Delaware.

- Defendant 7-Eleven was and still is a corporation organized under the laws of the State of Texas.

- Defendant Speedway was and still is a limited liability company formed under the laws of the State of Delaware.

*See* Declaration of Kimberly Duncan ("Duncan Decl.") ¶¶ 3-5 (May 18, 2022). In addition, as to each Defendant, the principal place of business and headquarters where its officers direct, control, and coordinate its activities, is as follows:

- Defendant Western – Ohio
- Defendant 7-Eleven – Texas
- Defendant Speedway – Ohio.

*See* Duncan Decl. ¶ 5. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Thus, each Defendant is a citizen of a state other than California.

14.   No other party has been named or served as of the date of this removal. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

15.   Thus, as set forth above, Plaintiff is a citizen of California, and Defendants are citizens of other states as follows: Western – Delaware, Ohio; 7-Eleven – Texas; Speedway – Delaware, Ohio. Accordingly, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(a) is satisfied.

### B.   The Amount in Controversy Exceeds $75,000

16.   This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17.   In his Prayer for Relief, Plaintiff requests the following payments from Defendants:

> 1. All special damages, including past, present and future loss of earnings, and loss of earning capacity according to proof;

2. General damages for emotional distress and mental anguish in a sum according to proof;
3. For all actual, consequential, and incidental losses and damages, according to proof;
4. For pre-judgment interest to the extent permitted by law and reasonable attorneys' fees pursuant to Business & Professions Code § 1021.5.
5. That Defendants be found to have engaged in unfair competition in violation of Section 17200 et seq., of the California Business and Professions Code;
6. That Defendants be enjoined to cease and desist from committing further acts of unfair competition under section 17200 et seq. of the California Business and Professions Code and from continuing an unlawful course of conduct alleged herein;
7. For attorneys' fees, interests and costs of suit under Labor Code sections 1194, 218.5, 218.6 and 2802.
8. For punitive and exemplary damages in a sum appropriate to punish Defendants.
9. For such other relief and further relief as the Court deems just and proper.

See Llaurado Decl., Ex. 1 (Complaint at pages 26-27, Prayer for Relief.)

18. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

19. If, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by,* 102 F.3d 398 (9th Cir. Cal. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of California Nat'l Assn. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. Cal. 1972); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. Pa. 1993) ("the amount in

controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

20. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated")). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)).

21. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In determining whether a Complaint meets the amount in controversy requirement, attorneys' fees are to be included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Jasso v. Money Mart Express, Inc.*, Civil Action No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Calif. March 1, 2012).

22. Reviewing the Complaint's Prayer for Relief, set forth in Paragraph 17, *supra*, Plaintiff's Prayer for Relief (at paragraph 1) seeks "past, present and future loss of earnings," among many other categories of damages. *See* Llaurado Decl., Ex. 1. In 2020, which was the last full calendar year of Plaintiff's employment, Plaintiff earned $42,993.06. Hager Decl. ¶ 9, Ex. 1. Based on a review of Plaintiff's hourly rate and average earnings as of his November 2021 termination and assuming a trial date of approximately one year from removal (i.e., anticipated as June 1, 2023), Plaintiff's total lost wages, on their own, would readily amount to **$76,049.35**. Hager Decl. ¶ 10, Ex. 2;

Llaurado Decl. ¶ 7. With his lost earnings alone, Defendants are well on their way in establishing that the amount in controversy exceeds the $75,000 threshold.

23. Reviewing the Complaint's Prayer for Relief, set forth in Paragraph 17, *supra*, Plaintiff's Prayer for Relief (at paragraph 9) seeks "such other relief . . . as the Court deems just and proper" and the Complaint's Eleventh Cause of Action at paragraphs 132 and 133 specifically quotes California Labor Code section 203(a) in alleging that Defendants owe Plaintiff additional amounts:

> If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commended; but the wages shall not continue for more than 30 days.

*See* Llaurado Decl., Ex. 1. As set forth in the Plaintiff's pay records attached to the Hager Declaration, in 2021, Plaintiff routinely worked overtime in the last three months leading to his termination, and his hourly rate at termination was $16.32. *See* Hager Decl. ¶ 10, Exh. 2. Therefore, under California Labor Code section 203(a) referenced by Plaintiff, the additional amount disputedly due to Plaintiff is **$3,916.80**. *See* Llaurado Decl. ¶ 8. Combined with his alleged lost earnings set forth above, the amount in controversy plainly exceeds the $75,000 threshold.

24. Plaintiff's Complaint (at paragraph 21) makes multiple allegations about violations of California meal and rest break laws. For example, Plaintiff asserts he was "regularly required to work in excess of four (4) hours without being provided a rest period. Defendants neither permitted nor authorized PLAINTIFF to take lawful meal and rest periods." *See* Llaurado Decl., Ex. 1. As to meal breaks specifically, the Complaint (at paragraph 26) asserts Plaintiff was "regularly required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal periods as mandated under the California Labor Code and the implementing rules and regulations of the IWC Wage Orders." *Id.* In fact, the Complaint (at paragraph 142) goes so far as

to allege that "Defendants have a policy of refusing to provide employees like the Plaintiff herein with legally required meal and rest periods." *Id.*

25. Where a plaintiff's complaint provides minimal evidence of the frequency of alleged violations (i.e., alleging violations were part of a "pattern and practice" or "matter of policy"), California district courts have found estimated violation rates of 60% reasonable and conservative for purposes of calculating the amount in controversy. *See, e.g., Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding defendant's estimate of a 60% violation rate "reasonable" and "conservative[]"); *Feao v. UFP Riverside*, LLC, 2017 WL 2836207, at *4 (C.D. Cal. June 29, 2017) (same); *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (same); *Stanley v. distribution Alternatives, Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (same).

26. The Complaint (at paragraph 137) explains: "When an employer fails to provide such meal period, the employer is required to pay the employee as wages one additional hour of pay at the employee's regular rate of compensation." *See* Llaurado Decl., Ex. 1. In the case of *Murphy v. Cole*, 40 Cal.4th 1094, (2007), the California Supreme Court held that the remedy for meal and rest period violations of "one additional hour of pay" under Labor Code section 226.7 is a wage subject to a three-year statute of limitations. Following *Murphy* and counting (despite Plaintiff's allegations of widespread violations) just a ***single*** violation per week of a meal period and just a ***single*** violation per week of a rest period since the start of Plaintiff's employment in December 2018, the additional amount at issue for those would be **$4,765.44**. *See* Llaurado Decl. ¶ 10. This is a conservative estimate in light of Plaintiff's allegation (Complaint paragraph 142) that Defendants in fact had a blanket "policy of refusing to provide employees" with either compliant meal or rest periods.

27. Considering just the alleged $76,049.35 in disputed lost wages, the $3,916.80 allegedly due for wage waiting time violations under California Labor Code section 203, and the $4,765.44 allegedly due for meal and rest break violations, the



amount in controversy is conservatively estimated to be **$84,731.59**. *See* Llaurado Decl. ¶ 11. This does not include the many other elements of damages raised by the Complaint's thirteen causes of action.

28. As set forth in Paragraph 17, *supra*, in Plaintiff's Prayer for Relief (at paragraph 8), Plaintiff also seeks recovery of punitive damages. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). Although Defendants vigorously deny Plaintiff's allegations, if he prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. Mar. 15, 2013). The potential punitive damage award against a defendant may alone satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co.*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that [b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct "the plaintiff's claim for punitive damages" might alone exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

29. As set forth in Paragraph 17, *supra*, Plaintiff's Prayer for Relief (at paragraph 7) seeks attorneys' fees. The Ninth Circuit recently held "a court must include future [post-removal] attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy was met." *Fritsch* v. *Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Court may take

judicial notice of attorneys' fee awards in similar cases. Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Attorneys' fees are calculable beyond the time of removal. *Fritsch*, 899 F.3d at 794; *Simmons*, 209 F. Supp. 2d at 1035. In 2013, the Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in attorneys' fees under the Fair Employment and Housing Act on a claim for wrongful termination and discrimination. *Angel v. Sutter Health et al*, case number 2009-00055279. Similarly, in 2012 the Orange County Superior Court awarded a single plaintiff $295,535.50 in attorneys' fees under the Fair Employment and Housing Act on a claim for discrimination and failure to accommodate. *Vargas v. City of Long Beach*, case number 30-2009-00126342.

30. As also set forth in Paragraph 17, *supra*, Plaintiff Prayer for Relief (at paragraph 2) seeks emotional distress damages. In *Hettick v. Federal Express Corporation*, Santa Clara County Superior Court case number 103-CV-010014, Hettick alleged a co-worker had an obsessive crush on her and sexually harassed her, management did not take sufficient action to stop the harassment, and Hettick was constructively discharged as a result. In 2005, a jury awarded Hettick $200,000 in emotional distress damages. In *Jody Gardner Clanahan v. David Diaz*, USDC Eastern District of California case number 1:05-CV-796, Clanahan, a teacher, alleged sexual harassment by the vice principal and that the school district failed to investigate or take appropriate corrective action. In 2007, the jury awarded Clanahan $350,000 in emotional distress damages against the school district.

31. Defendants deny the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, it is readily apparent that his aggregated claims establish an amount "in controversy" well in excess of the jurisdictional minimum of $75,000.

## VI. NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

32. Promptly after filing this Notice of Removal, Defendants will give written notice of this pleading to counsel for Plaintiff and will file a copy of this Notice with the Superior Court of the State of California for the County of Orange.

## VII. CONCLUSION AND REQUESTED RELIEF

33. Because there is complete diversity of citizenship between Plaintiff and all Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs, Defendants pray that the Court remove this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California and proceed with this matter as if it had been originally filed herein.

Dated: May 20, 2022

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Mireya A.R. Llaurado


By: */s/ Mireya A.R. Llaurado*
Mireya A.R. Llaurado

Attorneys for Defendants Western Refining Retail, LLC, 7-Eleven, Inc., and Speedway, LLC