# EXHIBIT 1

Exhibit 1 - Page 5

Case 8:22-cv-01031-JWH-ADS Document 1-2 Filed 05/20/22 Page 2 of 30 Page ID #:19
Electronically Filed by Superior Court of California, County of Orange, 04/19/2022 11:08:44 AM.
30-2022-01255357-CU-WT-WJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WESTERN REFINING RETAIL, LLC, a Delaware Limited Liability
Company; (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BESHARA ELMASRY, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>~~XXXXWestXXXXXXCenterXXXXX~~<br>~~XXXXXXXXXXXXXX9270XXXCenterX~~ | Orange County Superior Court<br>West Justice Center<br>8141 13th Street<br>Westminster, CA 92683 | CASE NUMBER:<br>*(Número del Caso):* | 30-2022-01255357-CU-WT-WJC |
|---|---|---|---|
| | | | Judge Nathan Scott |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hekmat Kordab & Yadira De La Rosa, 300 S. Harbor Blvd., Suite 820, Anaheim, CA 92805. (714)881-0581

| DATE:<br>*(Fecha)* | 04/19/2022 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* 7-Eleven, Inc, a Texas corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1 - Page 6

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 1 - Page 7

Media Access Portal

1  **KORDAB LAW OFFICES**
**HEKMAT KORDAB, ESQ. (SBN: 303850)**
2      Email:   matt@kordablaw.com
**YADIRA DE LA ROSA, ESQ. (SBN: 326163)**
3      Email:   yadira@kordablaw.com
300 S. Harbor Blvd. Suite 820
4  Anaheim, California 92805
Phone:   714-881-0581
5  Fax:      714-881-0582

6  Attorneys for PLAINTIFF,
Beshara Elmasry
7

8              **SUPERIOR COURT OF CALIFORNIA**

9      **IN AND FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
West    K.T.

10

11  BESHARA ELMASRY, an individual,      Case No.:  30-2022-01255357-CU-WT-WJC
                                        *Unlimited Jurisdiction*
12              PLAINTIFF,
                                        **Assigned for All Purposes**
13      vs.
                                        Judge: Hon.   Judge Nathan Scott
14  WESTERN REFINING RETAIL, LLC, a
Delaware Limited Liability Company; 7-
15  ELEVEN, INC., a Texas Corporation;   **COMPLAINT FOR DAMAGES:**
SPEEDWAY, LLC, a Delaware Limited
16  Liability Company; and DOES 1 to 20,
inclusive,
17                                       1.  DISABILITY DISCRIMINATION IN
18                                           VIOLATION OF FAIR EMPLOYMENT
                                            AND HOUSING ACT ("FEHA")
19              DEFENDANTS.                  (CALIFORNIA GOVERNMENT CODE
                                            §12940(A));
20                                       2.  RETALIATION IN VIOLATION OF FEHA,
                                            (GOV. CODE §12940(H));
21                                       3.  FAILURE TO ENGAGE IN THE
22                                           INTERACTIVE PROCESS IN VIOLATION
                                            OF FEHA (GOV. CODE § 12940(N));
23                                       4.  FAILURE TO ACCOMMODATE A
                                            DISABILITY IN VIOLATION OF FEHA
24                                           (GOV. CODE § 12940(M));
25                                       5.  WRONGFUL TERMINATION IN
                                            VIOLATION OF PUBLIC POLICY
26                                           (CALIFORNIA LABOR CODE §132(A));
27                                       6.  FAILURE TO PREVENT
                                            DISCRIMINATION IN VIOLATION OF
28                                           FEHA (GOV. CODE § 12940(J));

7.  VIOLATIONS OF THE UNFAIR COMPETITION LAW;
8.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
9.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;
10. NEGLIGENT SUPERVISION;
11. FAILURE TO PAY ALL WAGES DUE IN VIOLATION OF CALIFORNIA LABOR CODE AND INDUSTRIAL WELFARE COMMISSION ORDER NO. 5;
12. FAILURE TO REQUIRE MANDATORY REST AND MEAL BREAKS AND/OR TO PROVIDE COMPENSATION IN LIEU THEREOF IN VIOLATION OF CA LABOR CODE §§ 226.7, 512 AND INDUSTRIAL WELFARE COMMISSION ORDER NO. 5;
13. KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS.

DEMAND FOR JURY TRIAL

COME NOW PLAINTIFF, BESHARA ELMASRY, by and through his attorneys, claims and alleges as follows:

**GENERAL ALLEGATIONS**

1.      PLAINTIFF, BESHARA ELMASRY (hereinafter "PLAINTIFF") is an individual that is, and was, at all relevant times mentioned in this Complaint, residing within the County of Orange, State of California.

2.      Defendant, WESTERN REFINING RETAIL, LLC (hereinafter "WRR" or "Defendant") a Delaware Limited Liability Company, and doing business as WESTERN REFINING RETAIL, SPPEDWAY, OR 7-ELEVEN, in Orange County, the State of California.

3.      Defendant, SPEEDWAY, INC. (hereinafter "SPEEDWAY" or "Defendant") a Delaware Limited Liability Company, and doing business as WESTERN REFINING RETAIL, or 7-ELEVEN, in Orange County, the State of California.

4.      Defendant, 7-ELEVEN, INC. (hereinafter "7-ELEVEN" or "Defendant") a Texas Corporation, and doing business as WESTERN REFINING RETAIL, or SPEEDWAY, in Orange County, the State of California.

5.      Defendant, WESTERN REFINING RETAIL, Defendant SPEEDWAY, and Defendant, 7-ELEVEN, are referred to collectively as "DEFENDANTS".

6.      PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1 through 20, inclusive, pursuant to *Cal. Code Civ. Proc. §474.* PLAINTIFF is informed and based on that information believes that these fictitiously named DEFENDANTS are in some manner responsible for the acts or omissions alleged by PLAINTIFF to be the cause of damages and injuries suffered by PLAINTIFF. PLAINTIFF therefore sues these DEFENDANTS by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the DEFENDANTS fictitiously named herein is indebted and liable to PLAINTIFF as herein set forth.

7.      At all relevant times herein, each DEFENDANT, whether actually or fictitiously named, was the principal, agent or employee of each other Defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each DEFENDANT is liable to PLAINTIFF for the relief prayed for herein.

8.      When reference in this Complaint is made to any act or omission of a DEFENDANT corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the DEFENDANT and its owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of DEFENDANTS and while acting within the scope and course of their duties.

9.      When reference in this Complaint is made to any act or omission of DEFENDANTS, such allegation shall be deemed to mean the act or omission of each DEFENDANT acting individually and jointly with the other named DEFENDANTS.

10.      At all relevant times, each DEFENDANT knew or realized that the other DEFENDANTS were engaging in, or planned to engage in, the violations of law alleged in this

complaint. Knowing or realizing that other DEFENDANTS were engaging in such unlawful conduct, each DEFENDANT nevertheless facilitated the commission of those unlawful acts. Each DEFENDANT intended to, and did, encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other DEFENDANTS in the unlawful conduct.

11.    Each DEFENDANT ratified the wrongful conduct of each other, its agents and/or employees, accepted the benefits of their wrongful conduct, and failed to repudiate the misconduct.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction because the total amount of damages sought exceeds $ 25,000 and the relief requested is within the jurisdiction of this Court.

13.    Venue as to DEFENDANTS is proper in the County of Orange, pursuant to California *Code of Civil Procedure § 395.5.* DEFENDANTS maintain offices and facility, transact business, and have agents in Orange County, and the location where PLAINTIFF worked is otherwise within this Court's jurisdiction. The unlawful acts alleged herein have a direct effect on the PLAINTIFF who resides within the State of California and Orange County. In addition, DEFENDANTS operate their business and services in Orange County, California.

## ADMINISTRATIVE PROCEDURES

14.    PLAINTIFF has filed a complaint with the California Department of Fair Employment and Housing (DFEH) and requested his Right to Sue Notice via said Complaint.

15.    Thereafter, PLAINTIFF received his Right to Sue Notice from the DFEH and has now, within a year of that Right to Sue Notice, filed the instant lawsuit.

## FACTUAL BACKGROUND

16.    DEFENDANTS, WESTERN REFINING RETAIL, SPEEDWAY, AND 7-ELEVEN, currently operate, and operated at all times during the liability period, a Convenience Store, that is doing business as 7-ELEVEN, which is located at the county of Orange, the State of California.

17.    On or about December 22, 2018, PLAINTIFF began his employment with

DEFENDANTS as assistant manager.

18.     PLAINTIFF was at all times during the liability period, a non-exempt employee of DEFENDANTS, within the meaning of the California Labor Code and the implementing rules and regulations of the Industrial Welfare Commission ("IWC") Wage Orders, specifically IWC Wage Order No. 5-2001.

19.     During the liability period, PLAINTIFF was hired based on an hourly basis.

20.     During PLAINTIFF'S employment with DEFENDANTS, PLAINTIFF was not provided rest periods for work periods of four (4) hours or more, and was not compensated a one (1) hour wage in lieu of said rest periods.

21.     PLAINTIFF was also regularly required to work in excess of four (4) hours without being provided a rest period.  DEFENDANTS neither permitted nor authorized PLAINTIFF to take lawful meal and rest periods.  PLAINTIFF did not waive meal and rest periods during the liability period.

22.     Based upon information and belief, DEFENDANTS knew and/or should have known that it is improper to deduct from employee wages or commit unlawful acts such as:

   a.  Requiring employee to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period without compensating the employees with one (1) hour of pay at the employees' regulate rate of compensation for each workday that a rest period was not provided;

   b.  Requiring employees to work in excess of five (5) hours and ten (10) hours per day without being provided a meal period and/or a second meal period without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided; and

   c.  Requiring non-exempt employees to work through rest and meal periods without proper legal compensation or requiring employees to clock out for meal periods that were not provided or taken.

23.     In addition to the violations above, DEFENDANTS' requirement that non-exempt employees, including PLAINTIFF, work through rest periods, all during the liability periods, was

willful and deliberate and DEFENDANTS have failed to cease their unlawful policies and practices addressed herein after receiving notice of their employees' complaints regarding the same.

24.     DEFENDANTS willfully failed to pay on time to PLAINTIFF the legal wages earned and failed to provide rest periods during which non-exempt employees were required to work, and willfully failed to pay one (1) hour wages in lieu of each such rest period when the employee quit or was discharged.

25.     During PLAINTIFF'S employment with DEFENDANTS, PLAINTIFF was not provided with meal periods for workdays in excess of five (5) and/or ten (10) hours, and was not compensated a one (1) hour wage in lieu of said rest and/or meal periods.

26.     PLAINTIFF was regularly required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal periods as mandated under the California Labor Code and the implementing rules and regulations of the IWC Wage Orders. PLAINTIFF was not provided lawful meal and rest periods and was not provided with one-hour wages in lieu thereof in one or more of the following manners.

   d.   PLAINTIFF was required to work through his daily meal period(s), take no thirty (30) minute uninterrupted meal period, or work an unlawful "on-duty meal period;"

   e.   PLAINTIFF was effectively unable to leave the work premises for meals due to the time constraints and work production requirements placed upon him by DEFENDANTS; and

   f.   PLAINTIFF was severely restricted in his ability to take a meal period.

27.     In addition to the violations above, DEFENDANTS' requirement that non-exempt employees, including PLAINTIFF, work through meal periods, all during the liability periods, was willful and deliberate and DEFENDANTS have failed to cease their unlawful policies and practices addressed herein after receiving notice of their employees' complaints regarding the same.

28.     DEFENDANTS willfully failed to pay on time to PLAINTIFF the legal wages he earned and failed to provide meal periods during which non-exempt employees were required to work, and willfully failed to pay one (1) hour wages in lieu of each such meal period when the employee quit or was discharged.

29.     DEFENDANTS have made it difficult to account with precision for the unlawfully

withheld wages and deductions due to be paid to non-exempt employees, including PLAINTIFF, during the liability period because they did not implement and preserve a lawful record-keeping method to record all non-provided rest and meal periods owed to employees, as required for non-exempt employees by California Labor Code Section 226, and applicable IWC Wage Orders.

30. California Labor Code Section 226(a) requires the DEFENDANTS to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by the PLAINTIFF. DEFENDANTS have knowingly and intentionally failed to comply with Labor Code section 226(a) on wage statements, which should have been properly provided to PLAINTIFF.

31. On or about November 20, 2021, during PLAINTIFF'S evening shift, at approximately 10:30 PM., PLAINTIFF was assaulted by a drunk customer at 7-ELEVEN, which is located in Irvine, California.

32. During the last hour of PLAINTIFF'S shift, a drunk customer walked into the 7-ELEVEN and asked PLAINTIFF if he could charge his iPhone. The customer did not have enough money to buy a phone charger, which was sold at the 7-ELEVEN.

33. PLAINTIFF noticed that the customer was inspecting the phone chargers and other items in the store in a suspicious manner. Since PLAINTIFF knew that the customer did not have any money to spend, PLAINTIFF feared that the customer was planning to steal some products from the store. Therefore, PLAINTIFF returned the customer's phone and asked him politely to leave the store.

34. The customer refused to leave the store and continued going through the phone chargers on display at the store. PLAINTIFF told the customer that if he did not leave the store, PLAINTIFF was going to call the police. The customers ignored PLAINTIFF. Thereafter, PLAINTIFF called Irvine Police Department and reported that there was a drunk customer in the store who refused to leave the store, after being asked to leave.

35. PLAINTIFF continued helping other customers at the store while waiting for the police to arrive, and at the same time keeping an eye on the suspicious customer. At about 10:30 PM., as PLAINTIFF had been instructed by DEFENDANTS and had previously done every day at that same time, walked to the main entrance to close one side of the double door entry. As PLAINTIFF was in the process of closing the door, he received a call from the police. PLAINTIFF was explaining to the

police that the customer he reported remained in the store. As the customer heard the conversation between PLAINTIFF and the police, he stormed out of the store. While running out of the store, the customer violently pushed PLAINTIFF on his back and shoulder against the door.

36.   Shortly thereafter, when the police arrived, the customer had already fled. PLAINTIFF was shaken from the incident and pain. PLAINTIFF was afraid that the customer would come back to the store to hurt him. PLAINTIFF asked the police to stary with him for a few minutes until he was able to go through his closing procedures and lock the store.

37.   The following day, despite being in physical and mental agony as the result of the assault, PLAINTIFF reported to work. For two days after being assaulted by a customer at the store, PLAINTIFF continued working for DEFENDANTS. However, PLAINTIFF'S pain worsened and became intolerable. PLAINTIFF was unable to continue working.

38.   On or about, November 22, 2021, PLAINTIFF informed his supervisor that he was in severe pain due to the assault, and needed to receive treatment for his injuries. PLAINTIFF requested to be out on medical leave.

39.   PLAINTIFF clearly communicated to DEFENDANTS his intention to take a short medical leave to treat his injuries. PLAINTIFF asked DEFENDANTS for information on medical providers and treatment for his injuries. DEFENDANTS did not take any steps to help PLAINTIFF and provide him with the necessary information to seek medical treatment.

40.   At no time did DEFENDANTS engage in the interactive process or offer PLAINTIFF an accommodation. Further, there was no reason for his shocking termination other than discrimination and retaliation as a result of PLAINTIFF'S apparent medical condition and his request for medical leave.

41.   On or about November 23, 2021, DEFENDANTS, and each of them, without any justification, legal reason, or just cause, terminated PLAINTIFF'S employment.

42.   PLAINTIFF is informed and believes and based on such information and belief alleges that DEFENDANTS' actions were caused by and were in retaliation for the protected activity of PLAINTIFF as set forth above. Instead of providing PLAINTIFF with medical leave to treat the injuries he sustained working for DEFENDANTS, as retaliation for asking for medical leave,

1   DEFENDANTS, and each of them, terminated PLAINTIFF'S employment.

2       43.   PLAINTIFF is informed and believes and based on such information and belief alleges

3   that other employees who were similarly situated were not similarly treated by DEFENDANTS.

4       44.   PLAINTIFF is informed and believes and based on such information and belief alleges

5   that he was treated differently from similarly situated employees. Because DEFENDANTS treated

6   PLAINTIFF differently from similarly situated employees, DEFENDANTS denied PLAINTIFF the

7   benefit of personnel policies or practices that DEFENDANTS afforded to other employees, and that

8   DEFENDANTS engaged in bad-faith or abusive conduct in the way PLAINTIFF'S employment was

9   terminated.

10      45.   PLAINTIFF is informed and believes and based on such information and belief alleges

11  that PLAINTIFF'S complaint about the unlawful treatment by DEFENDANTS was not the first

12  complaint against DEFENDANTS.

13      46.   PLAINTIFF is informed and believes that in addition to the wrongful actions and

14  practices enumerated in this Complaint, DEFENDANTS have engaged in other wrongful, harassing

15  and/or discriminatory practices which are not fully known by PLAINTIFF.

16      47.   As a direct, foreseeable, and proximate result of DEFENDANTS' wrongful, harassing

17  and/or discriminatory acts, PLAINTIFF has experienced severe anxiety and mental anguish as a result

18  of the conduct of the DEFENDANTS, and each of them, and has suffered emotional distress, stress,

19  anxiety, worry, anger, lack of self-worth, trouble sleeping and eating, mental injuries and suffering,

20  nervousness, angst, insomnia, sleep disorders, humiliation and/or embarrassment.

21      48.   As a direct, foreseeable, and proximate result of DEFENDANTS' wrongful, harassing

22  and/or discriminatory acts, PLAINTIFF has suffered and continues to suffer pain, humiliation,

23  embarrassment, mental and emotional distress, and discomfort, all to his damage in an amount in excess

24  of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

25      49.   As a proximate result of Defendant's conduct, PLAINTIFF has suffered and continues

26  to suffer pain and suffering, embarrassment, anxiety, humiliation, and emotional distress, all to his

27  damage in an amount according to proof.

28      50.   DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and

oppressively, with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF'S rights. Because the acts taken towards PLAINTIFF were carried out by managerial employees acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage PLAINTIFF, he is entitled to recover punitive damages from all DEFENDANTS.

**FIRST CAUSE OF ACTION**

**DISABILITY-DISCRIMINATION IN VIOLATION OF FEHA, CALIFORNIA**

**GOVERNMENT CODE §12940(a)**

(Against All DEFENDANTS, and DOES)

51.     PLAINTIFF incorporates by reference all the allegations in the preceding paragraphs, and each and every part thereof, as if fully set forth herein.

52.     At all times herein mentioned, the FEHA, Government Code §12940(a), was in full force and effect and binding on DEFENDANTS. These statutes required DEFENDANTS to refrain from discriminating against any employee on the basis of a physical and/or mental disability, and medical leave.

53.     During PLAINTIFF'S employment, DEFENDANTS, through their supervisors and/or agents, engaged in actions intentionally that resulted in PLAINTIFF being treated less favorably because of his medical condition and medical leave. PLAINTIFF suffered from a medical condition and requested medical leave as defined by FEHA, specifically, an injury sustained during his employment with DEFENDANTS.

54.     Despite PLAINTIFF'S medical condition and medical leave, PLAINTIFF was still able to perform the essential functions of his employment with DEFENDANTS.

55.     PLAINTIFF believes and thereon alleges that his medical condition and request for medical leave was a motivating and substantial factor in DEFENDANTS' termination of his employment.

56.     As a proximate result of DEFENDANTS' willful, knowing and intentional discrimination of PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses

in earnings and other employment benefits.

57.    As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer severe and permanent emotional and mental distress, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, mental and physical pain and anguish, all to PLAINTIFF'S damage in a sum according to proof. The exact nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

58.    DEFENDANTS committed the acts alleged herein willfully, maliciously, and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S rights, welfare, and safety. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish and make an example of them.

59.    PLAINTIFF has been generally damaged in an amount within the jurisdictional limits of this court.

60.    PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and is entitled to reimbursement of his attorney's fees pursuant to California Government Code §12965(b).

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(h)

### (Against All DEFENDANTS, and DOES)

61.    PLAINTIFF incorporates by reference all the allegations in the preceding paragraphs, and each and every part thereof, as if fully set forth hereat.

62.    Government Code Section 12940(h) proscribes unlawful retaliation by employers against employees based on the employee having protested what the employee reasonably believes to be a violation of the FEHA.

63.    By virtue of the conduct set forth above, DEFENDANTS violated said statute in that a substantial motivating factor for such adverse employment actions was to discriminate against PLAINTIFF based on his medical condition and medical leave.

64.     As a direct and proximate result of the said retaliation PLAINTIFF sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

65.     As a further and direct and proximate result of the said retaliation, PLAINTIFF sustained general damages for severe mental and emotional distress in an amount according to proof.

66.     DEFENDANTS acted with malice and oppression toward PLAINTIFF and with conscious disregard of his rights and PLAINTIFF is accordingly entitled to punitive damages in sums sufficient to punish said DEFENDANTS and set an example in view of their financial condition.

67.     PLAINTIFF is further entitled to an award of statutory attorney's fees for bringing this action pursuant to Government Code §12965(b).

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN INTERACTIVE PROCESS, CALIFORNIA GOVERNMENT CODE §12940(n)

(Against All DEFENDANTS, and DOES)

68.     PLAINTIFF incorporates by reference all the allegations in the preceding paragraphs, and each and every part thereof, as if fully set forth hereat.

69.     At all times herein mentioned, the FEHA, Government Code §12940(n), was in full force and effect and binding on DEFENDANTS. These statutes required DEFENDANTS to engage in an interactive process in assessing an employee's physical and/or mental injuries.

70.     In order to provide a reasonable accommodation. The Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability.

71.     PLAINTIFF had a medical condition and requested medical leave, which was known to DEFENDANTS. PLAINTIFF alleges that despite any restrictions, he could have performed the essential functions of his job. DEFENDANTS, however, did not engage or engaged in an insufficient interactive process.

72.     As a proximate result of DEFENDANTS' willful, knowing and intentional discrimination against PLAINTIFF, by failing to engage in an interactive process concerning his medical condition and medical leave, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

73.     As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination against PLAINTIFF, by failing to engage in an interactive process concerning his medical condition and medical leave, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to PLAINTIFF'S damage in a sum according to proof.

74.     DEFENDANTS committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish and make an example of DEFENDANTS.

75.     PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of his attorney's fees pursuant to California Government Code, §12965(b).

## FOURTH CAUSE OF ACTION
## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA, CALIFORNIA GOVERNMENT CODE §12940(m)
### (Against All DEFENDANTS, and DOES)

76.     PLAINTIFF incorporates by reference all the allegations in the preceding paragraphs, and each and every part thereof, as if fully set forth hereat.

77.     At all times herein mentioned, the FEHA, Government Code §12940(m), was in full force and effect and binding on DEFENDANTS. This statute affirmed DEFENDANTS' duty to make reasonable accommodations for the known physical and/or mental condition and medical leave of PLAINTIFF. This statute further required DEFENDANTS to engage in an interactive process to reach a reasonable accommodation for an employee's medical condition and medical leave.

**COMPLAINT FOR DAMAGES - 13**

Exhibit 1 - Page 20

78.     PLAINTIFF alleges that DEFENDANTS failed to reasonably accommodate his medical condition and medical leave. PLAINTIFF further alleges that DEFENDANTS failed to engage in an interactive process to reach a reasonable accommodation concerning his medical condition and medical leave. PLAINTIFF believes and thereon alleges that PLAINTIFF'S request to DEFENDANTS for a reasonable accommodation concerning his medical condition and medical leave, specifically, PLAINTIFF'S injuries while working for DEFENDANTS, and the required treatment that was needed were individually or in combination, motivating and substantial factors in DEFENDANTS' termination of PLAINTIFF'S employment.

79.     As a proximate result of DEFENDANTS' willful, knowing and intentional discrimination against PLAINTIFF, as a result of DEFENDANTS' failure to reasonably accommodate PLAINTIFF'S medical condition and medical leave, and as a result of DEFENDANTS' failure to engage in an interactive process to reach a reasonable accommodation concerning PLAINTIFF'S medical condition and medical leave, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

80.     As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination against PLAINTIFF, as a result of DEFENDANTS' failure to reasonably accommodate PLAINTIFF'S disabilities, and as a result of DEFENDANTS' failure to engage in an interactive process to reach a reasonable accommodation concerning PLAINTIFF'S disabilities, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to PLAINTIFF'S damage in a sum according to proof.

81.     DEFENDANTS' discrimination against PLAINTIFF because of his medical condition and his request for medical leave and because of PLAINTIFF'S request for reasonable accommodation was intentionally done in a malicious and oppressive manner, entitling PLAINTIFF to punitive damages. PLAINTIFF alleges that DEFENDANTS, by terminating him, and without providing him with reasonable accommodation concerning PLAINTIFF'S medical condition and medical leave, acted with intent to cause injury or that DEFENDANTS' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of PLAINTIFF. PLAINTIFF further alleges that DEFENDANTS, by terminating him because of his medical condition and medical leave, the

treatment of his injuries, and because of PLAINTIFF'S request for a reasonable accommodation concerning his medical condition and medical leave, acted with knowing disregard as they were aware of the probable consequences of their conduct and deliberately failed to avoid those consequences.

82.     PLAINTIFF further alleges that DEFENDANTS' termination of his employment because of his medical condition and his request for medical leave, the treatment of PLAINTIFF'S injuries, because of PLAINTIFF'S request for a reasonable accommodation concerning his medical condition and medical leave were despicable as DEFENDANTS' actions were so vile, base, or contemptible that it would be looked down upon and despised by reasonable people. PLAINTIFF further alleges that DEFENDANTS' by terminating his employment because of his medical condition and request for medical leave, the treatment of his injuries and because of PLAINTIFF'S request for reasonable accommodation, DEFENDANTS subjected PLAINTIFF to cruel and unjust hardship in knowing disregard of his rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish and make an example of DEFENDANTS.

83.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees according to proof as a result of DEFENDANTS' wrongful conduct.

### FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against All DEFENDANTS, and DOES)

84.     PLAINTIFF incorporates by reference all the allegations in the preceding paragraphs, and each and every part thereof, as if fully set forth hereat.

85.     The right to discharge an employee under any contract of employment is limited by considerations of public policy. The FEHA, Government Code §12940 et. seq. provides a fundamental public policy that ensures employees the right to be free from discrimination, the right to reasonable accommodation, the right to a good faith interactive process, and the right to be free from retaliation.

86.     On or about November 23, 2021, and prior thereto, an employment relationship existed between PLAINTIFF and DEFENDANTS. On or about November 23, 2021, DEFENDANTS

terminated PLAINTIFF'S employment due to PLAINTIFF'S medical condition and medical leave and/or request for accommodation. DEFENDANTS and their employees retaliated against PLAINTIFF then continued their discrimination against PLAINTIFF by wrongfully terminating his employment. DEFENDANTS' wrongful termination of PLAINTIFF'S employment was in violation of a fundamental and substantial public policy, in that a substantial motivating factor in the decision to terminate PLAINTIFF'S employment was based on his medical condition and medical leave and/or request for accommodation.

87.    DEFENDANTS' conduct amounts to intolerable and discriminatory working conditions amounting to wrongful discharge. PLAINTIFF attempted to seek an accommodation, but was refused the same. When PLAINTIFF continued his requests for accommodations and to attempt engaging in the interactive process, PLAINTIFF was retaliated against and eventually wrongfully terminated.

88.    PLAINTIFF, is informed and believes and thereupon alleges that DEFENDANTS acted with the intent of causing PLAINTIFF to suffer financial loss and severe emotional and physical distress and therefore, acted oppressively, fraudulently, and maliciously with the willful and conscious disregard of the rights of PLAINTIFF, and by reason thereof, PLAINTIFF is entitled to recover, in addition to his actual damages, exemplary damages against DEFENDANTS.

89.    As a direct and proximate result of said wrongful termination, PLAINTIFF has sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

90.    As a further direct and proximate result of said wrongful termination, PLAINTIFF sustained general damages for severe emotional and mental distress in sums according to proof.

91.    DEFENDANTS acted with malice and oppression toward PLAINTIFF and with conscious disregard of his rights and PLAINTIFF is accordingly entitled to punitive and exemplary damages against DEFENDANTS.

## SIXTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION

(Against All DEFENDANTS, and DOES)

92.     PLAINTIFF incorporates by reference all the allegations in the preceding paragraphs, and each and every part thereof, as if fully set forth hereat.

93.     California Government Code §12940(k) provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

94.     PLAINTIFF was an employee of DEFENDANTS at all relevant times.

95.     PLAINTIFF was subjected to discrimination on the basis of his medical condition and medical leave, request for accommodations and attempts to engage in the interactive process by way of severe and pervasive conduct that effected a hostile and abusive work environment.

96.     PLAINTIFF did not consent to or welcome the discrimination.

97.     DEFENDANTS had actual and constructive knowledge and notice of the discrimination perpetrated by its employees and knowingly allowed it to happen in blatant disregard for his rights and for the harm it caused to PLAINTIFF. Moreover, DEFENDANTS were aware of the risks associated with its employees' discrimination as supervisors with actual, ostensible, and apparent authority over the terms and conditions of PLAINTIFF'S employment.

98.     DEFENDANTS failed to take reasonable steps to prevent the foregoing discrimination.

99.     PLAINTIFF was harmed and DEFENDANTS' failure to take reasonable steps to prevent the foregoing discrimination was a substantial factor in causing PLAINTIFF'S harm.

100.    As a direct and proximate result of the said failure to prevent discrimination, PLAINTIFF sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

101.    As a further and direct and proximate result of the said failure to prevent discrimination, PLAINTIFF sustained general damages for severe mental and emotional distress in an amount to be proven at trial.

102.    DEFENDANTS acted with malice and oppression toward PLAINTIFF and with conscious disregard of his rights and PLAINTIFF is accordingly entitled to punitive damages in sums sufficient to punish said DEFENDANTS and set an example of them in view of their financial condition.

103.    PLAINTIFF is further entitled to an award of statutory attorney's fees for bringing this

action pursuant to Gov. Code §12965(b).

## SEVENTH CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW

## (CAL. BUS. &PROF. CODE §17200 ET SEQ).

(Against All DEFENDANTS, and DOES)

104. The allegations in the Factual Background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Violation of Unfair Competition Law.

105. By their policies of:

    a. Discriminating against PLAINTIFF,

    b. Retaliating against PLAINTIFF,

    c. Failing to protect PLAINTIFF from discrimination and retaliation, and,

    d. Wrongfully terminating PLAINTIFF'S employment.

106. The actions of DEFENDANTS, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and *Professions Code Section 17200 et seq.*

107. PLAINTIFF is entitled to equitable relief against such unlawful practices in order to prevent future damages to members of the public, for which there is no adequate remedy at law.

108. As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFF. DEFENDANTS should be enjoined from such activity and made to restore to PLAINTIFF the wrongfully withheld wages pursuant to *Business and Professions Code Section 17203*. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS have been unjustly enriched by requiring employees to assume DEFENDANTS' expenditures and losses, by failing to pay legal wages and/or other compensation for working through meal periods, and by failing to pay compensation for non-provided rest periods to PLAINTIFF.

109. As a direct and proximate result of their unfair business practices of DEFENDANTS,

PLAINTIFF is entitled to restitution of all wages lost as a result of DEFENDANTS' unlawful business acts and practices described herein and to an injunction causing DEFENDANTS to cease and desist from engaging in the unlawful and unfair business practices described herein.

110.    The unlawful conduct alleged herein is continuing, and there is no indication that DEFENDANTS will not continue such activity into the future.  If DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully deduct from non-exempt employees' wages, will continue to require employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance and unemployment withholdings.

## EIGHTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All DEFENDANTS, and DOES)

111.    The allegations in the Factual background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Intentional Infliction of Emotional Distress.

112.    DEFENDANTS engaged in outrageous conduct towards PLAINTIFF with the intention to cause, or with reckless disregard for the probability of causing, PLAINTIFF to suffer emotional distress, and with wanton and reckless disregard for the injurious result to PLAINTIFF. As set forth above, DEFENDANTS harassed PLAINTIFF on account of his medical condition and medical leave, subjecting PLAINTIFF to humiliation and embarrassment.

113.    These intentional, outrageous, malicious, oppressive, and fraudulent actions include, but are not limited to:

     a.  PLAINTIFF was required to work in excess of 12 hours per day without being provided any lunch breaks and rest periods.

     b.  PLAINTIFF was assaulted by a customer while working for DEFENDANTS and sustained severe physical and mental injuries. When PLAINTIFF asked for medical leave to treat his injuries, DEFENDANTS, and each of them, wrongfully terminated his

employment.

114.   By the aforesaid acts and omissions of DEFENDANTS and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

115.   As a further direct and legal result of the acts and conduct or omissions of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, and anxiety.

116.   As a further proximate result of the acts or omissions of DEFENDANTS and each of them, PLAINTIFF has been damaged in that he has been required to expend money and to incur obligations, and may continue to do so in that he has been required to expend money and to incur obligations, and may continue to do so in the future for treatment and/or medication reasonably required in the relief of the injuries herein alleged.

117.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of PLAINTIFF'S rights. Moreover, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## NINTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against all DEFENDANTS, and DOES)

118.   The allegations in the Factual Background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Negligent Infliction of Emotional Distress.

119.   DEFENDANTS negligently harassed PLAINTIFF on account of his medical condition and medical leave, subjecting PLAINTIFF to humiliation and embarrassment.

120.   DEFENDANTS' conduct were outrageous and done with ill will and DEFENDANTS

knew or should have reasonably known that each would cause PLAINTIFF to suffer humiliation, mental anguish, and emotional and physical distress. DEFENDANTS acted negligently in disregarding the probability that PLAINTIFF would suffer emotional distress by this conduct.

121.   These negligent, outrageous, malicious, oppressive, and fraudulent actions include, but are not limited to:

      a.   PLAINTIFF was required to work in excess of 12 hours per day without being provided any lunch breaks and rest periods.

      b.   PLAINTIFF was assaulted by a customer while working for DEFENDANTS and sustained severe physical and mental injuries. When PLAINTIFF asked for medical leave to treat his injuries, DEFENDANTS, and each of them, wrongfully terminated his employment.

122.   DEFENDANTS conduct was so severe and outrageous that as a proximate result, PLAINTIFF has suffered, and continues to suffer extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, the extent of which is not fully known at this time, and the amount of damage caused by DEFENDANT'S conduct is not fully ascertained. The precise amount of which to be proven at the time of trial.

123.   PLAINTIFF claims damages, together with prejudgment interest pursuant to *Civil Code § 3287*, and pursuant to any other provision of law providing for prejudgment interest, costs and attorney's fees including, but not limited to, *Government Code § 12965.*

## TENTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

(Against All DEFENDANTS, and DOES)

124.   The allegations in the Factual Background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Negligent Supervision.

125.   At all relevant times, DEFENDANT had a duty to properly supervise its employees and agents in a careful and non-negligent manner in such a way that the types of conduct about which

PLAINTIFF complains in this action would not take place.

126.    In the course of his employment, PLAINTIFF was negligently or intentionally exposed to the following outrageous, malicious, oppressive, and fraudulent actions include, but are not limited to:

      a.  PLAINTIFF was required to work in excess of 12 hours per day without being provided any lunch breaks and rest periods.

      b.  PLAINTIFF was assaulted by a customer while working for DEFENDANTS and sustained severe physical and mental injuries. When PLAINTIFF asked for medical leave to treat his injuries, DEFENDANTS, and each of them, wrongfully terminated his employment.

127.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS breached this duty of supervision by failing to supervise its employees and agents in a careful and non-negligent manner in such a way that the types of conduct about which PLAINTIFF complains in this action would not take place.

128.    As a proximate result of the negligence described here, PLAINTIFF has suffered and continues to suffer, acute pain and suffering, loss of enjoyment of life and personal fulfillment, embarrassment, anxiety, humiliation, and emotional distress, all to his detriment in an amount according to proof at trial.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE IN VIOLATION OF CALIFORNIA LABOR CODE AND INDUSTRIAL WELFARE COMMISSION ORDER NO. 5

### (Against All DEFENDANTS, and DOES)

129.    The allegations in the Factual Background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Failure To Pay All Wages Due In Violation Of California Labor Code And Industrial Welfare Commission Order No. 5.

130.    During the hourly liability period, DEFENDANTS have had a consistent policy of

failing to pay PLAINTIFF'S regular rate of pay to non-exempt employees in violation of California state wage and hour laws.

131.  The DEFENDANTS herein have on numerous occasions throughout the liability period had a consistent policy of "short-paying" wherein they would pay the PLAINTIFF far less than the full amount of wages that had been earned during the pay period. This caused a significant number of unpaid hours and accrued wages to build up that were never paid.

132.  Upon terminating his employment with the DEFENDANTS, PLAINTIFF made a demand for all of the wages that were due and owing by the DEFENDANTS. However, DEFENDANTS failed to pay the wages that had been earned and were due and owing to the PLAINTIFF immediately for period proscribed by *Labor Code section 202*.

133.  DEFENDANTS were required to pay the PLAINTIFF for all wages that were due and owing immediately after terminating the employment relationship. DEFENDANTS have willfully failed to pay all of the PLAINTIFF'S wages that were due and owing for the period proscribed by law and as a result is now subject to the provisions of California Labor Code 203(a) which states in part:

   a.  If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

134.  DEFENDANTS' actions constitute a willfully violation of the provisions of the Labor Code, including but not limited to sections 558, 1194, 1194.5, and the applicable IWC Wage Orders, including Industrial Welfare Commission Order No. 5-2001 ("Wage Order #5") and California law.

135.  As a result of the unlawful acts of DEFENDANTS, PLAINTIFF has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code Sections 558, 1194 and 1199.

///

///

**TWELFTH CAUSE OF ACTION**

**FAILURE TO REQUIRE MANDATORY REST AND MEAL BREAKS AND/OR TO**

**PROVIDE COMPENSATION IN LIEU THEREOF IN VIOLATION OF CA LABOR CODE**

**§§ 226.7, 512 AND INDUSTRIAL WELFARE COMMISSION ORDER NO. 5**

(Against All DEFENDANTS, and DOES)

136.    The allegations in the Factual Background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Failure To Require Mandatory Rest And Meal Breaks And/Or To Provide Compensation In Lieu Thereof In Violation Of *Ca Labor Code §§ 226.7, 512* And Industrial Welfare Commission Order No. 5.

137.    *CA Labor Code section 226.7 and 512* and IWC Wage Orders provide that employees in California must receive a duty-free meal period of not less than thirty (30) minutes after working five (5) hours. When an employer fails to provide such meal period, the employer is required to pay the employee as wages one additional hour of pay at the employee's regular rate of compensation.

138.    *California Labor Code section 226.7 and 512* and IWC Wage Orders provide that employees in California must receive a duty-free rest period for each work period of four (4) hours or a major portion thereof. When an employer fails to provide such a rest period, the employer is required to pay the employee as wages one additional hour of pay at the employee's regular rate of compensation.

139.    PLAINTIFF regularly worked more than five (5) hours in a workday, and often worked shifts of eight (8) or more hours, without provision of any meal or rest periods.

140.    During the time in which PLAINTIFF worked for DEFENDANTS, DEFENDANTS have failed to pay PLAINTIFF an additional hour of pay for each day wherein the DEFENDANTS failed to provide PLAINTIFF with the legally required meal/rest period.

141.    PLAINTIFF did not voluntarily or willfully waive rest and/or meal periods and was regularly required to work through rest and meal periods and/or was prevented from taking a full thirty (30) minute meal period and/or was not given a second meal period for any excess of ten (10) hours worked in a single shift. DEFENDANTS created a working environment in which non-exempt

employees were incapable of taking rest and/or meal periods due to work related demands placed upon them by DEFENDANTS and/or were, upon information and belief and based thereon, intimidated or coerced into waiving their rest and meal periods.  As such, non-exempt employees like the PLAINTIFF were intimidated or coerced into waiving certain rest periods and meal periods.

142.    DEFENDANTS have a policy of refusing to provide employees like the PLAINTIFF herein with legally required meal and rest periods. By their failure to provide meal periods for days on which PLAINTIFF and non-exempt employees work(ed) work periods in excess of five (5) hours and/or ten (10) hours, and their failure to provide compensation for such non-provided meal periods, DEFENDANTS willfully violated the provisions of *Labor Code Section 512* and applicable IWC Wage Orders.

143.    As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF has sustained damages, including the loss of earnings from unpaid meal and rest periods and rest-period premium pay in an amount to be determined at the time of trial. PLAINTIFF is entitled to recover these damages, as well as interest, costs and reasonable attorneys' fees pursuant to statute.

## THIRTEENTH CAUSE OF ACTION
## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED
## EMPLOYEE WAGE STATEMENT PROVISIONS
### (Against All DEFENDANTS, and DOES)

144.    The allegations in the Factual Background and all the preceding paragraphs are realleged and incorporated herein by reference, except where to do so would be inconsistent with pleading a cause of action for Knowing And Intentional Failure To Comply With Itemized Employee Wage Statement Provisions.

145.    *Section 226(a) of the California Labor Code* requires the DEFENDANTS to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by the PLAINTIFF. DEFENDANTS have knowingly and intentionally failed to comply with *Labor Code section 226(a)* on wage statements, which should have been properly provided to PLAINTIFF.

146.    *Section 1174 of the California Labor* Code requires DEFENDANTS to maintain and

preserve in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees. On information and belief and based thereon, DEFENDANTS have knowingly and intentionally failed to comply with *Labor Code section 1174.*

147.    IWC Wage Orders require DEFENDANTS to maintain time records showing, among other items, when the employee begins and ends each work period and meal period and total daily hours worked, in an itemized wage statement. DEFENDANTS were required to list and identify all deductions and reimbursements from payment of wages, and must accurately report total hours worked by PLAINTIFF. DEFENDANTS have failed to record all or some of the items delineated in the applicable *IWC Wage Order No. 5-2001 and Labor Code section 226 and 1174.*

148.    Pursuant to *Labor Code section 226*, PLAINTIFF is entitled to up to a maximum of $4,000.00 for DEFENDANTS' record keeping violation.

**PRAYER FOR RELIEF**

   **WHEREFORE,** PLAINTIFF seeks judgment against DEFENDANTS, and each of them, in an amount according to proof as follows:

1.   All special damages, including past, present and future loss of earnings, and loss of earning capacity according to proof;

2.   General damages for emotional distress and mental anguish in a sum according to proof;

3.   For all actual, consequential, and incidental losses and damages, according to proof;

4.   For pre-judgment interest to the extent permitted by law and reasonable attorneys' fees pursuant to Business & Professions Code § 1021.5.

5.   That DEFENDANTS be found to have engaged in unfair competition in violation of Section 17200 et seq., of the California Business and Professions Code;

6.   That DEFENDANTS be enjoined to cease and desist from committing further acts of unfair competition under section 17200 et seq. of the California Business and Professions Code and from continuing an unlawful course of conduct alleged herein;

7.   For attorneys' fees, interests and costs of suit under Labor Code sections 1194, 218.5, 218.6

and 2802;

8. For punitive and exemplary damages in a sum appropriate to punish DEFENDANTS.

9. For such other relief and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial of his claims by jury to the extent authorized by law.

**DATED**: April 18, 2022

Respectfully Submitted,
**KORDAB LAW OFFICES**

By: _____

Hekmat Kordab, Esq.
Yadira De La Rosa, Esq.
Attorneys for Plaintiff, Beshara Elmasry